**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT LEWIS and SUTTER CAPITAL MANAGEMENT, LLC, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

-vs-                                            Case No. 6:07-cv-1245-Orl-22DAB

**JAMES M. SENEFF, JR.; ROBERT A. BOURNE; CNL REALTY CORPORATION; and FF-TSY HOLDING COMPANY II, LLC, formerly known as Trustreet Properties, Inc.,**

**Defendants.**
_____

## ORDER TO SHOW CAUSE AND ORDER

In reviewing the file, the Court finds that an issue is presented as to whether the Court lacks federal subject matter jurisdiction. Limited partners Robert Lewis and Sutter Capital Management LLC (the "Named Plaintiffs"), on behalf of a proposed class of 45,000 limited partners, are suing Defendants James M. Seneff, Jr., Robert A. Bourne, CNL Realty Corporation (the "General Partner Defendants"), and FF-TSY Holding Company II, LLC ("FF-TSY"), for breach of fiduciary duty and related claims arising out of a transaction in which eighteen limited partnerships were merged into Trustreet Properties, Inc., the predecessor to FF-TSY. Doc. No. 51. The Named Plaintiffs allege subject matter jurisdiction based on 28 U.S.C. § 1332(a), diversity of citizenship, alleging simply that the citizenship of each Named Plaintiff is different from the citizenship of each Defendant and the matter in controversy exceeds the sum or value of $75,000. Doc. No. 51 ¶ 30. The statement of the basis for subject matter jurisdiction is wholly insufficient.

The Court generally may not rule on the merits of a case without first determining that it has subject matter jurisdiction. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998). "Without jurisdiction the court cannot proceed at all in any cause"; it may not assume jurisdiction for the purpose of deciding the merits of the case. *Id.* at 94. For this reason, the Court must decide in the first instance whether it has subject matter jurisdiction over the claims in the case, before reaching the merits of whether Plaintiffs' claims are properly pled, including whether they state a direct or derivative action (the issue raised in Defendants' Motions to Dismiss).

**Diversity jurisdiction in civil actions, 28 U.S.C. § 1332(a)**

A class action can be maintained only if it complies with the requirements of the jurisdictional statute under which it is brought. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1755 (Civil 3d 2005). Federal jurisdiction pursuant to 28 U.S.C. § 1332 *subsection (a)*[1] exists only when there is complete diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 373 (1978); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1197 n. 31 (11th Cir. 2007). In order to achieve "complete diversity" no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373; *Lowery*, 483 F.3d at 1197 n.3.

Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. *See Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1318 (11th Cir. 2001) (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (addressing jurisdictional issue involving suit between limited partnership and limited liability company).

---

[1]This is in contrast to the minimal diversity provisions of subsection (d).

In a class action, the citizenship of the named plaintiffs, as opposed to the entire class, is determinative of whether diversity exists. Wright, Miller & Kane § 1755. In this case, although the Named Plaintiffs state in the Amended Complaint (Doc. No. 51) that Plaintiff Sutter Capital Management, LLC[2] is a California LLC, they do not allege any specifics regarding the citizenship of the limited liability company's members. The Named Plaintiffs list the citizenship of all three General Partner Defendants as Florida. Doc. No. 51 ¶¶ 19, 20, 21. If any of the limited liability company members from Plaintiff Sutter Capital Management, LLC are Florida citizens, that would destroy the complete diversity jurisdiction necessary to proceed in federal court pursuant to 28 U.S.C. § 1332. The Named Plaintiffs have also failed to properly allege the citizenship of members for the limited liability company, Defendant FF-TSY Holdings Company II LLC; the citizenship of this LLC's members could also destroy diversity if it is the same as a Named Plaintiffs' citizenship. Doc. No. 51 ¶ 23.

In addition, there may be an issue as to whether the Named Plaintiffs[3] state the requisite amount in controversy, which they have not plead in any detail as to the individual Named Plaintiffs. Doc. No. ¶ 18. Under federal precedent, named plaintiffs in a class action alleging traditional diversity jurisdiction under § 1332(a) must meet the amount-in-controversy requirement, which does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold. *Lowery*, 483 F.3d at 1197 n.31 (*Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973)). Alternatively, it may be possible for Plaintiffs to assert the claims of other class members under supplemental jurisdiction if one named plaintiff exceeds the amount in controversy threshold. *See Exxon Mobil*

---

[2] Part of the confusion may lie in Plaintiffs' repeated references to Sutter Capital Management, LLC as a "limited liability *corporation*." *See, e.g.,* Doc. No. 51 ¶ 16. An LLC is not a corporation, and under California law, "[a] limited liability company consists of one or more members which may be individuals, partnerships, limited partnerships, trusts, estates, associations, corporations, other limited liability companies or other business entities. The members of a limited liability company are afforded limited liability similar to shareholders of a corporation and have pass-through taxes comparable to a partnership." *See* http://www.sos.ca.gov/business/llc/llc_faq.htm#question1.

[3] The Complaint states that Robert Lewis owned only 10 units of CNL Income Fund IV. Doc. No. 51, ¶ 18.

*Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611 (2005) (holding that if the claims of a single plaintiff meet the jurisdictional threshold the court may assert supplemental jurisdiction over additional plaintiffs' claims). However, Plaintiffs have not pled supplemental jurisdiction, 28 U.S.C. § 1367.

The standard for determining citizenship for purposes of ascertaining diversity jurisdiction of a limited liability company is different from that of a corporation. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). However, unlike corporations, an unincorporated entity such as a limited liability company is not, without more, a citizen of the state that created the entity; such legal entities are citizens of every state in which each of their members are citizens. *See Rolling Greens MHP, PL v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen); *accord Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-88 (1990) (for diversity purposes, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens).

Where subject matter jurisdiction is properly challenged, the plaintiff bears the burden of proof. *See, e.g.*, *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (the burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof); *Jackson v. United States*, Case No. 6:05-cv-1643-Orl-19KRS, 2006 WL 4863066, *3 (M.D. Fla. Nov. 1, 2006) (same). Without the information concerning the citizenship of each limited liability company's membership, Plaintiffs have not shown that this Court has subject matter jurisdiction.

**Diversity jurisdiction over class actions, 28 U.S.C. § 1332(d)**

As the Court has outlined above, general diversity jurisdiction is governed by 28 U.S.C. § 1332(a); however, a relatively new subsection was passed in 2005 as part of the Class Action Fairness Act (CAFA), and applies to applicable cases commenced after February 18, 2005. *See* 28 U.S.C. § 1332(d). The Named Plaintiffs do not even refer to the Class Action Fairness Act or § 1332(d) in their Amended Complaint. Even though the CAFA is silent on the issue of who bears the burden of persuasion on jurisdictional issues, the Eleventh Circuit has held that the proponent of federal court subject matter jurisdiction bears the burden of persuasion. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). Regardless of the subsection under which Plaintiffs ultimately choose to proceed, they have not satisfied the pleading requirements of subject matter jurisdiction.

Congress enacted Class Action Fairness Act to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel. *Lowery*, 483 F.3d at 1193 (citing CAFA § 2, 119 Stat. at 5). CAFA seeks to address these inequities and abusive practices by, among other things, broadening federal diversity jurisdiction over class actions with interstate implications. *Lowery*, 483 F.3d at 1193 (CAFA § 2, 119 Stat. at 5); *see also Miedema*, 450 F.3d at 1329 ("[T]he text of CAFA plainly expands federal jurisdiction over class actions and facilitates their removal[.]"). Congress expanded the original jurisdiction of the federal courts "to now encompass class action lawsuits that, prior to the statute's passage, were confined to state court." Lonny Sheinkopf Hoffman, *Burdens of Jurisdictional Proof*, 59 ALA. L. REV. 409, 413-14 (2008) (discussing 28 U.S.C. § 1332(d)).

To provide jurisdiction in the federal courts, CAFA amended the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by inserting a new subsection, § 1332(d). *Lowery*, 483 F.3d at 1193. This new subsection works a sea change in diversity jurisdiction for certain class actions. *Id.* It broadens diversity jurisdiction by establishing lower threshold requirements for jurisdiction and abrogating long-established precedent requiring complete diversity of opposing parties and non-aggregation of

-5-

the amount in controversy. *Id.* n. 24. Subject to certain exceptions designed to keep purely local matters and issues of particular state concern in the state courts, § 1332(d)(3) to (5), CAFA provides federal courts with jurisdiction over class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b); any member of the plaintiff class is diverse from any defendant, § 1332(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2), (6). *Lowery*, 483 F.3d at 1194; *see* Hoffman, 59 ALA. L. REV. at 414 (This means that a class action asserting state law claims for relief, but that satisfies these criteria, can be brought in federal court).

However, several exceptions apply to the federal court jurisdiction, depending on the claims and citizenship of the parties involved:

> While CAFA greatly expands federal jurisdiction . . . it also contains provisions that simultaneously limit the breadth of this expansion. . . . Section 1332(d)(4)(A) is regularly referred to as the "local controversy" exception . . . if "greater than two-thirds" of the putative class and at least one defendant is a forum citizen and alleged to bear "significant" responsibility for the plaintiffs' alleged injuries, then the case ought to be litigated in state court since it is truly a local matter. . . . A similar purpose lies behind § 1332(d)(4)(B), which also is aimed at not allowing the statute to sweep local controversies into federal court, but has been dubbed . . . the "home state" exception [and] . . . applies where "two-thirds or more" of the putative class members are . . . forum citizens [and] . . . "all" defendants must have been "primary" wrongdoers. . . . [O]ther parts of CAFA exclude from federal jurisdiction other kinds of cases, such as those . . . that involve certain securities claims, and those cases *raising state claims regarding the internal affairs or governance of a company or other business entity* [§ 1332(d)(9)(A)-(C)].

Hoffman, 59 ALA. L. REV. at 416-17 (emphasis added). There are four potential exceptions in the CAFA, § 1332(d) that may apply to the Court's jurisdiction in this case:

> (d)(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

        (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
        (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
        (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
        (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

  (4) A district court shall decline to exercise jurisdiction under paragraph (2)--
      (A)(I) over a class action in which--
          (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
          (II) at least 1 defendant is a defendant--
              (aa) from whom significant relief is sought by members of the plaintiff class;
              (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
              (cc) who is a citizen of the State in which the action was originally filed; and
          (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
        (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

      (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

  (5) Paragraphs (2) through (4) shall not apply to any class action in which--
      (A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or
      (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

  \* \* \*

  (9) Paragraph (2) shall not apply to any class action that solely involves a claim--

> > (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
> > (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
> > (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. § 1332(d).  For purposes of class action jurisdiction under § 1332(d) only, an unincorporated association is considered to be a citizen of the state in which is has its principal place of business and the state under whose laws it is organized.  28 U.S.C. § 1332(d)(10).  Plaintiffs have failed to allege the citizenship and principal place of business for Sutter Capital Management LLC and FF-TSY Holding Company II, LLC.

Plaintiffs are **ORDERED** to show cause within 11 days from the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiffs should address the issues identified herein, clarifying the basis for asserted jurisdiction whether based on (1) complete diversity of citizenship under § 1332(a) or (2) jurisdiction under § 1332(d).  Plaintiffs should supply, in appropriate form, any additional information necessary to establish a basis for jurisdiction (including information to show the absence of any possible exception to jurisdiction under subsection (9)(b)).  Defendants may file a response within 11 days after Plaintiffs' submission.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT (Doc. No. 60)** |
| **FILED:** | **January 8, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice as premature.

> **MOTION:** DEFENDANT FF-TSY HOLDING COMPANY II, LLC'S MOTION TO DISMISS THE AMENDED ACTION COMPLAINT (Doc. No. 58)
>
> **FILED:** January 8, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice as premature.

As noted above, it would be inappropriate to take up the merits of these motions prior to ascertaining that the Court has jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy